THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GEORGE HALIBURTON,<br>Individually And On Behalf Of All Others,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY 5 LOGISTICS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 5:21-cv-06165<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Lucky 5 Logistics, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal, without waiving any rights to which it is entitled, with respect to Case No. 21CN-CC00060 filed in the Circuit Court of Clinton County, Missouri, at Plattsburg. In support of this Notice, Defendant states as follows:

### I. BACKGROUND

1. On or about October 14, 2021, Plaintiff George Haliburton ("Plaintiff"), commenced a civil action by filing a Petition against Defendant in the Circuit Court of Clinton County, Missouri, at Plattsburg, Case No. 21CN-CC00060.

2. The Petition purports to allege a single cause of action – Fair Credit Reporting Act ("FCRA") Violations, Adverse Action Violations, 15 U.S.C. § 1681, *et seq*. (Plaintiff's Petition, attached hereto as Exhibit A, pp. 9-12, ¶¶ 54-68, hereinafter referred to as "Ex. A").

3. On November 11, 2021, Plaintiff served the Summons and Petition, upon Defendant via personal service. In accordance with 28 U.S.C. § 1446(a), a copy of the Petition and all other process, pleadings, and orders filed in Circuit Court are attached hereto as Exhibit B (hereinafter referred to as "Ex. B").

4. The aforementioned date of service for Defendant constitutes the first date upon which Defendant had actual notice of the pending action.

## II. TIMELINESS OF REMOVAL

4. This Notice of Removal is timely as it is filed within at least 30 days of service of the Summons and Petition on Defendant, which occurred on November 11, 2021, and within one (1) year of the commencement of this action, which occurred on October 14, 2021. *See* 28 U.S.C. § 1446(b).

## III. VENUE

5. Pursuant to 28 U.S.C. § 1441(a), venue lies in the United States District Court for the Western District of Missouri, in St. Joseph, Missouri, as this action was originally brought in the Circuit Court of Clinton County, Missouri. Therefore, venue is proper in the United States District Court for the Western District of Missouri, in St. Joseph, Missouri, because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## IV. JURISDICTION BASED ON FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP

6. The Court has original jurisdiction of this action under 28 U.S.C. § 1131 and 1332(a)(1), and this action is removable pursuant to the same because this action involves a federal question and, separately, the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Federal Question Jurisdiction

7. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Plaintiff's Petition asserts a single claim and seeks relief under the FCRA, 15 U.S.C. § 1681, *et seq.* – a federal law. (Ex. A, pp. 9-12 ¶¶ 54-68.) *See also Young v. Am. Servicing Co.*, No. 4:11cv1199 TCM, 2011 WL 5102423, at *1 (E.D. Mo. Oct. 27, 2011) (denying motion to remand and holding that petition expressly alleging violation of FCRA supports federal question jurisdiction).

9. Accordingly, the instant action is a civil action over which the district courts of the United States have original jurisdiction, and removal is proper based on the federal question presented, pursuant to 28 U.S.C. §§ 1441(a) and 1331.

**B. Diversity Jurisdiction**

**i. Diversity**

10. The allegations in Plaintiff's Petition, which was filed a mere 29 days ago, establish that Plaintiff is a citizen of the State of Missouri at the time of filing and removal. (Ex. A, p. 2, ¶ 11). Indeed, at the time of filing through present, Plaintiff has been a citizen of the State of Missouri. (Declaration of Juan Tetuan, attached hereto as Exhibit C, ¶ 5, hereinafter referred to as "Ex. C").

11. Defendant, however, is not a citizen of Missouri. (Ex. C, ¶ 3).

12. The Petition correctly alleges that Defendant is a foreign company. (Ex. A, p. 2, ¶ 12). More specifically, Defendant's principal place of business as a corporation and its corporate headquarters is in Kansas – not Missouri. (Exhibit C, ¶ 3).

13. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." *See* 28 U.S.C. § 1332(c)(1). The "principal place of business" for a corporation is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's principal place of business is

generally where its headquarters is located. "It is the place that Courts of Appeals have called the corporation's 'nerve center'").

14. Thus, Defendant is a citizen of Kansas – not Missouri – and, as such, complete diversity exists amongst the parties and the "citizenship" component of the removal analysis is satisfied.

15. 28 U.S.C. § 1332(a)(1) provides that a district court shall have original jurisdiction over "citizens of different States" 28 U.S.C. § 1332 (a)(1). Therefore, the "citizenship" component of the removal analysis is satisfied.

### ii. Amount in Controversy

16. Defendant adamantly denies any liability as to Plaintiff and that it violated the law in relation to Plaintiff. Nonetheless, when, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdiction minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The amount in controversy requirement, however, is satisfied where "the fact finder *might* legally conclude" that a plaintiff's damages exceed the jurisdictional minimum of $75,000. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (emphasis added) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it."). The Supreme Court has held that a defendant's removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a

4

plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 550-51.

17. Here, the amount in controversy requirement is satisfied because "the fact finder might legally conclude" that Plaintiff's damages exceed the jurisdictional minimum of $75,000.00. *Bell* at 959 (emphasis added). (Under the preponderance standard, '[t]he jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are…").

18. In determining whether a petition meets the $75,000 threshold of 28 U.S.C. § 1332(a), the Court must consider compensatory damages, punitive damages, and attorneys' fees in addition to lost wages. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages are included in calculating the amount in controversy); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees are included in calculating the amount in controversy).

19. Plaintiff's Petition seeks, among other things, statutory damages, punitive damages, and attorneys' fees and costs. (Ex. A, p. 2, ¶ 10, and p. 11, Prayer for Relief).

20. Plaintiff's Petition also purports to seek class action certification on behalf of a class that is defined to include:

> "All employees or prospective employees of Defendant that suffered an adverse employment action on or after October 14, 2019, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address the information contained in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action."

(Ex. A, p. 5, ¶ 44).

5

21. Statutory damages for the willful violation of the FCRA that Plaintiff alleges range from "not less than $100 and not more than $1,000," which are awardable as to each class member. 15 U.S.C § 1681n(a)(1)(A). *See also* (Ex. A, p. 10, ¶ 66). Additionally, the FCRA allows for punitive damages and attorneys' fees. 15 U.S.C § 1681n(a)(1)(A).

22. Although the normal rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement, the claims of class members *can be aggregated* to meet the jurisdictional amount requirement when they unite to enforce a single title or right in which they have a common and undivided interest. *See e.g.*, *Kessler v. National Enterprises, Inc.,* 347 F.3d 1076 (8th Cir.2003); *Crawford v. F. Hoffman-LaRoche Ltd.*, 267 F.3d 760 (8th Cir.2001). In this case, because Plaintiff pleads a single right to be vindicated — for the same alleged violations of FCRA's disclosures received by every putative member of the "FCRA Class" — aggregation is warranted here. Moreover, because Plaintiff claims each class member is entitled to statutory penalties and punitive damages, their damages may be aggregated.

23. If the class consists of even a mere 76 individuals, which Defendant estimates the class size to be approximately 76 persons, the fact finder might legally conclude that the statutory penalties alone are in excess of $75,000.00; in that it is plausible that a jury could award the maximum statutory penalty of $1,000.00 to each class member. 15 U.S.C § 1681n(a)(1)(A). *See also* (Ex. C, ¶ 6).

24. Plaintiff also seeks attorneys' fees and costs in this case, which as set forth above, are included in the amount in controversy. (Ex. A, p. 11, Prayer for Relief).

25. Again, the attorneys' fees alone in this case could exceed $75,000.00. In fact, fee awards in class actions can range from $550,000.00 to $1,500,000.00. *See*, *e.g.*, *Drake v. Steak N Shake Operations, Inc.*, JVR No. 2004100023, 2019 WL 8403797 (E.D. Mo.) ($1,576,220

6

in attorney fees in wage and hour class action); *Snow v. Enterprise Leasing Co. Of St. Louis*, JVR No. 803216, 2002 WL 1483507 (E.D. Mo.) ($550,000 in attorneys' fees in race discrimination class action). *See also*, *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1312 (10th Cir. 2014) (affirming district court's award of $3,389,207.41 in attorney fees following jury trial where class plaintiffs recovered several thousand dollars in damages). *Schofield v. Delta Air Lines, Inc.,* No. 18-CV-00382-EMC, 2019 WL 955288, at *5 (N.D. Cal. Feb. 27, 2019) ($575,000 attorneys fee request); *Burnthorne-Martinez v. Sephora USA, Inc*., No. 4:16-CV-02843-YGR, 2018 WL 5310833, at *3 (N.D. Cal. May 16, 2018) ($250,000 fee request in FCRA); *Esomonu v. Omnicare, Inc*., No. 15-CV-02003-HSG, 2018 WL 3995854, at *2 (N.D. Cal. Aug. 21, 2018) (representing on motion for preliminary approval that attorneys' fees application would not exceed $433,333.33, and costs and expenses not to exceed $40,000 in FCRA).

26. The statutory damages sought by Plaintiff, along with attorneys' fees and separately punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

27. This action is, therefore, a proper one for removal to this Court based on diversity jurisdiction.

## V. **CONCLUSION**

28. Based upon the allegations contained in Plaintiff's Petition, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, the amount in controversy is in excess of $75,000.00, and based on the federal question presented in this action, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).

29. This action is, therefore, a proper action for removal to this Court based on both federal question and diversity jurisdiction.

30. In addition to filing this Notice of Removal in the office of the Clerk for the United States District Court for Western District of Missouri, Defendant, through its undersigned counsel, certifies that it will provide notice of the removal to the Circuit Court of Clinton County, Missouri, at Plattsburg, and to Plaintiff as required by 28 U.S.C. § 1446(d) to effectuate the removal.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Clinton County, Missouri, at Plattsburg, to the United States District Court for the Western District of Missouri. Defendant further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 10th day of December, 2021.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Heather M. Lake
    Heather M. Lake, MO Bar No. 53169
    Kimberly F. Seten, MO Bar No. 50449
    2600 Grand Boulevard, Suite 750
    Kansas City, Missouri 64108-4600
    Telephone: (816) 472-6400
    Facsimile: (816) 472-6401
    Email: hlake@constangy.com
    Email: kseten@constangy.com

    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of December, 2021, a true and correct copy of the above and foregoing NOTICE OF REMOVAL was served via the Court's electronic case filing system, and via electronic mail, on the following:

Charles Jason Brown
Jayson A. Watkins
Brown & Watkins, LLC
301 S. US 169 Hwy
Gower, Missouri 64454
Telephone: (816) 505-4529
Facsimile: (816) 424-1337
Email: brown@brownandwatkins.com
Email: watkins@brownandwatkins.com

ATTORNEYS FOR PLAINTIFF

/s/ Heather M. Lake
Attorney for Defendant